```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF CONNECTICUT


MICHAEL HANNON                  :
                                :           PRISONER
     v.                         :    Case No. 3:01cv213(AVC)
                                :
COMMISSIONER                    :
```

### RULING AND ORDER

By motion dated January 29, 2001, the petitioner, Michael Hannon ("Hannon"), sought permission to file a federal habeas corpus action and stay the proceeding to enable him to exhaust his state court remedies. On April 23, 2001, the court dismissed this habeas corpus action because the petitioner had not exhausted his state court remedies with regard to any claim that he might assert in the petition. The court determined that it was inappropriate to permit an inmate to circumvent the statute of limitations by filing a federal habeas petition containing unexhausted claims and then holding the petition in abeyance until he exhausts his state court remedies. Judgment entered on April 30, 2001.

In July 2002, Hannon moved to reopen this case. He argued that his attorneys, Department of Correction staff and a state court clerk continued to conspire to prevent him from exhausting his state court remedies. Hannon asked the court to permit him to "bypass" the requirement that he exhaust his state court remedies, appoint counsel and prevent unidentified persons from

barring his access to the state courts, or to undertake an independent investigation into his claims. The court noted that Hannon had filed several actions in state court during the time he claims he was denied access to the state courts and denied the motion.

Hannon now has filed a second motion asking the court to reopen the prior case and permit him to bypass the exhaustion requirement. In the July 2002 ruling, the court concluded that, because Hannon had not sought waiver of the exhaustion requirement in his 2001 petition, the court's dismissal of that petition was not erroneous. Hannon includes no facts in the present motion that would alter that conclusion.

In conclusion, Hannon has not presented any reason that the judgment previously entered should be reopened. Therefore, Hannon's motion to reopen [**doc. #9**] is **DENIED**. As stated in the 2001 ruling dismissing the petition and the ruling denying the 2002 motion to reopen, Hannon may file a new federal habeas petition after he exhausts his state remedies or if he seeks waiver of the exhaustion requirement. Any new petition must be filed on the court's form.

**SO ORDERED** this 20th day of December, 2006, at Hartford, Connecticut.

/s/

Alfred V. Covello
United States District Judge